HENRY E. SABINE, APPLICANT, v. FRANK R. ANDERSON, TOWNSHIP CLERK, RESPONDENT.

Argued and decided October 18, 1917.

The act of 1912 (*Pamph. L.*, *p.* 766), amending section 42 of the Election act, requires that certain petitions be filed with the secretary of state and that petitions naming candidates to be voted for by all the voters of a single county, or more than a single political division thereof, and candidates for city offices to be voted for upon the county ticket shall be filed with the county clerk thirty days prior to election, and that all other petitions shall be filed with the clerks of the municipalities wherein the officers nominated are to be voted for, twenty-five days before the election, but provides no method by which the county clerk may be officially informed of nominations made by petitions filed with the municipal clerk. *Held*, that a candidate for a township office, who had presented his petition to the township clerk within the time provided by the act, is entitled to a *mandamus* commanding the county clerk to place his name on the ticket.

On application for *mandamus*.

Before Justices SWAYZE, BERGEN and BLACK.

For the application, *Michael H. Feldman.*

The township clerk and the county clerk appeared but made no opposition.

The opinion of the court was delivered by

SWAYZE, J. Sabine filed a petition for nomination for a township office with the municipal clerk on October 8th, and on October 9th presented a petition to the county clerk who refused to accept it because presented too late. The act of 1912 (*Pamph. L.*, *p.* 766), which is an amendment of section 42 of the Election act, requires that certain petitions be filed with the secretary of state and that petitions naming candidates to be voted for by all the voters of a single county, or more than a single political division thereof, and candi-

dates for city office to be voted for upon the county ticket shall be filed with the county clerk thirty days prior to election; that all other petitions shall be filed with the clerks of the municipalities wherein the officers nominated are to be voted for twenty-five days before the election. The present petition was filed with the municipal clerk within the time prescribed by the act. There is no other provision. The clause relating to petitions to be filed with the county clerk does not include township officers. The provision as to city officers was inserted in 1904, no doubt because of the recent change by which city elections were required to be held at the same time as· elections for county officers. *Pamph. L.* 1901, *p.* 41; *Comp. Stat., p.* 632, *pl.* 156. Similar legislation as to municipalities other than cities was not enacted until 1905. *Pamph. L., p.* 14; *Comp. Stat., p.* 3487, *pl.* 124. The necessity of a change in this respect was evidently overlooked by the legislature in 1912 when it amended section 42 by changing 15 to 30 and 13 to 25. At a time when municipal elections were held separately from other elections no other provision was necessary. Now that they are held on the same day and one ballot is printed for both, there should be a change made in section 42 to require petitions for nominations to a municipal office other than a city office, to be filed with the county clerk just as petitions for nominations for a city office have been since 1904. The difficulty is that the present statute provides no method by which the county clerk may be officially informed of nominations made by petition filed with the municipal clerk. But a candidate cannot be deprived of his right when he has pursued the statutory direction, merely because the legislature has failed to provide a method by which the county clerk can be assured of the petition having been duly filed with the municipal clerk. In the absence of simpler machinery, we think the present applicant took a proper course. He presented his petition to the county clerk. No doubt the clerk acted properly in refusing it, since it was without statutory sanction. In this situation the only way was to apply to this court for a *mandamus* making both the county clerk and the municipal clerk parties. Let a *mandamus* issue. No costs will be allowed.